IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| EP LOYA GROUP, LP, FRED LOYA INSURANCE COMPANY, and LOYA CASUALTY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>vs.<br><br>CERTAIN UNDERWRITERS AT LLOYDS, LONDON,<br><br>Defendants. | Case No.  5:21-cv-611<br><br>**COMPLAINT FOR**<br>  **(A) BREACH OF CONTRACT**<br>  **(B) BAD FAITH--COMMON LAW**<br>  **(C) DECLARATORY RELIEF** |

Plaintiffs EP Loya Group, LP, Loya Casualty Insurance Company, and Fred Loya Insurance Company (collectively referred to as "Plaintiffs") allege the following against certain Underwriters at Lloyd's London.

**I.     THE PARTIES**

1.     EP Loya Group, LP is a Limited Partnership organized under the laws of the State of Texas with its principal place of business in San Antonio, Texas. EP Loya Group, LP is a citizen and resident of Texas.

2.     Loya Casualty Insurance Company is a corporation organized under the laws of the State of California with its principal place of business in San

Antonio, Texas. Loya Casualty Insurance Company is a citizen and resident of California and Texas.

3. Fred Loya Insurance Company is a corporation organized under the laws of the State of Texas with its principal place of business in San Antonio, Texas. Fred Loya Insurance Company is a citizen and resident of Texas.

4. Certain Underwriters at Lloyds, London ("Lloyd's") issued a policy and certificate of insurance, Certificate Number 50014400118, to Plaintiffs. Plaintiffs are informed and believe that Lloyd's principal place is London, United Kingdom. A true and correct copy of the Policy is attached hereto as "Exhibit A." Lloyd's is a citizen and resident of the United Kingdom.

5. Pursuant to an endorsement entitled "Texas Surplus Lines Clause," the Policy was issued and delivered as surplus lines coverage under Texas insurance statutes. The policy was to Plaintiffs in the state of Texas. The policy specifically requires that complaints concerning coverage under the Policy are to be submitted to the Texas Department of Insurance. *See* Exhibit A.

## II. JURISDICTION AND VENUE

6. Because Lloyd's is a citizen the United Kingdom, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2). *See Corfield v Dallas Glen Hills LP*, 355 F3d 853, 857 (5th Cir 2003) (describing how Lloyd's is treated for the purposes of determining diversity jurisdiction); *Park 10 Hosp., LLC v. Certain*

*Underwriters at Lloyd's London*, No. 4:19-CV-05013, 2020 WL 5554225, at *1 (S.D. Tex. Sept. 16, 2020).  None of the "Names" subscribing to the Policy at issue (attached hereto as Exhibit A) are citizens or resident of Texas.  The "Names" subscribing to the Policy are: Ren Re Syndicate, Amlin Syndicate, Chaucer Syndicate, Ark Syndicate, Faraday Syndicate, Vibe Syndicate and Market Syndicate.  Lloyd's is informed and believes that all of these "Names" are citizens of the United Kingdom.  *See* Exhibit A [Declarations Page].

7.     Plaintiffs seek coverage and policy benefits in the amount $1,000,000, the Aggregate Limit for Insuring Agreement D "Professional Liability."  In addition, Plaintiffs seek actual damages, attorneys fees and exemplary damages.  The claims in this Complaint establish that the amount in controversy exceeds $75,000.00.

8.     Because Lloyds is "a defendant not resident in the United States," Lloyd's "may be sued in any judicial district."  28 U.S.C. § 1391(c)(3).  Further, the Policy was issued under Texas Insurance Statutes applicable to surplus lines coverage to Texas residents.  Moreover, the Policy specifically states that Lloyd's agrees to submit to jurisdiction in any court of competent jurisdiction in the United States.  Exhibit A  [Lloyd's Certificate].  Venue in this District is also proper because each of the plaintiffs is headquartered in El Paso, (ii) the Policy was issue to Plaintiffs in El Paso, and (3) the Policy was breached in El Paso.

## III. FACTUAL ALLEGATIONS

### A. *Breach Of Contract*

9. Defendant issued an Assurance Company Management & Professional Liability Policy, Certificate Number 50014400118, with a policy period of July 20, 2019 to July 20, 2020.  Plaintiffs are all Named Insureds. A copy of the Policy is attached to this Complaint as Exhibit A.

10. Pursuant to an endorsement, the Policy provides:

> **D. Professional Liability**
>
> The Insurer will indemnify the Insured for Loss from any Claim or Extra-Contractual Claim first made against it during the Policy Period (or Extended Reporting Period, if applicable), for any Professional Liability Wrongful Act committed on or after the Retroactive Date and prior to the end of the Policy Period, and reported in accordance with Section VIII.F. Reporting and Notice.

11. The Policy provides that the Aggregate Limit for Insuring Agreement D "Professional Liability" is $1,000,000.

12. Loya Casualty Insurance Company issued an automobile policy to Gabriel Parra Juarez ("Juarez"). On February 7, 2017, Juarez was involved in an accident with Terrance Rosenbalm  ("Rosenbalm"). Loya attempted to settle Rosenbalm's bodily injury claim against Juarez by timely tendering its policy limits.  Rosenbalm rejected the tender and, in December 2017, filed a personal

injury lawsuit against Juarez. Loya agreed to provide coverage for the claim and defend Juarez.

13. On September 12, 2019, Rosenbalm served a "Plaintiffs' Mediation Brief" in the underlying personal injury action. In that Brief, Rosenbalm asserted that Loya Casualty breached the implied covenant of good faith and fair dealing. At the mediation, Rosenbalm's demand was well in excess of $1,000,000. According to Rosenbalm, the estimated value his bad faith claim against Loya Casualty was in the range of $1,000,000 to as much as $5,000,000.

14. On May 22, 2020, Plaintiffs EP Loya Group, LP, Loya Casualty Insurance Company, and Fred Loya Insurance Company submitted a claim to Lloyd's in as a result of Rosenbalm's Extracontractual claim.

15. On August 19, 2020, Erik M. Kowalewsky, on behalf of Lloyd's, sent a letter to Plaintiff's Counsel admitting that the Loya's extracontractual claim "would generally fall within the substantive scope of this coverage."

16. Despite Lloyd's admission of coverage, on September 24, 2020, it sent a second letter denying Plaintiffs' claim based on an alleged misrepresentation in Loya's application for insurance.

17. Plaintiffs have fully complied with all the conditions of the Policy prior to bringing this suit. All conditions precedent have been performed or have occurred or Plaintiffs are legally excused from performing them or Lloyds is

estopped or barred from asserting that they were not performed. If any conditions have not been performed or satisfied, Plaintiffs allege and state that Lloyds is estopped or barred by its own conduct and statements from asserting the failure of the Plaintiffs to perform, meet or satisfy any condition precedent as a bar to Plaintiffs right and entitlement to recover under the Policy.

18.     Even if Lloyd's contention that Plaintiffs made an intentional and material misrepresentation in the insurance application were true, Lloyd's has waived and/or is estopped from asserting its right to deny coverage based on its failure to timely cancel the Policy and return the unearned premium. *See, e.g., See Union Nat. Bank of Little Rock v. Moriarty*, 746 S.W.2d 249, 252 (Tex. App. 1987) ("It is well settled under Texas law that where the insurer acquires full knowledge of facts sufficient to work a forfeiture of its policy, and does not cancel the policy but retains the unearned premium, it waives the condition and is estopped to claim a forfeiture."); *Burdick v. Am. Mod. Home Ins. Co.*, 6 Misc. 3d 1030(A), 800 N.Y.S.2d 343 (Sup. Ct. 2005). Despite asserting in August 2020 that Plaintiffs made an intentional and material misrepresentation in their application, Lloyd's never cancelled or rescinded the Policy or returned unearned premium.

19.     Defendant breached the terms and provisions of the Policy by failing and refusing to pay available benefits owed under the Policy. As a proximate result of the aforesaid breaches of contract, Plaintiffs are owed contractual and

consequential damages constituting legally compensable damages in an amount to be shown at time of trial.

20. As a direct and proximate result of the Defendant's conduct, Plaintiffs have been unable to settle the Rosenbalm claim and continue to incur legal and other to defend its insured in that action. It has also become reasonably necessary for Plaintiffs to engage the services of legal counsel and thereby incur, and continue to incur, costs and attorneys' fees.

### B.    *Bad Faith—Common Law*

21. Paragraphs 1 through 20 are hereby incorporated by reference as if fully set forth herein.

22. Defendants have a duty to deal fairly and in good faith with their insureds.

23. Here, Defendant admitted that coverage existed. Nevertheless, Defendant denied the claim. Further, there was no reasonable basis for denying payment. Indeed, Defendant has advanced shifting and inconsistent grounds for denying coverage.

24. As a proximate result of Defendant's breaches of its duty to deal fairly and in good faith, Plaintiffs have sustained damages in an amount to be shown at time of trial.

25.	As a direct and proximate result of the Defendant's bad faith conduct, it became reasonably necessary for Plaintiffs to engage the services of legal counsel to recover policy benefits and thereby incur, and continue to incur, costs and attorney's fees in an amount to be determined according to proof.  Plaintiffs claim these fees as a distinct item of damage.

26.	In doing the acts described in this Complaint, Defendants acted maliciously which warrants the imposition of exemplary damages in an amount sufficient to punish and deter defendant from engaging in similar such conduct in the future. The aforementioned conduct was done with the express intent of forcing Plaintiffs to accept less than they were entitled to under the POLICY, so as to minimize the cost to Defendants.

.	C.	**_Declaratory Judgement_**

27.	Paragraphs 1 through 26 are hereby incorporated by reference as if fully set forth herein.

28.	Plaintiffs brings this declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining actual controversies between the parties.

29.	There are real and justiciable controversies regarding the parties' rights and obligations under the terms of the Policy, and a declaration will resolve those controversies.

30. Because the Policy provides coverage for Plaintiffs' claim concerning the Extracontractual claim arising out of the Rosenbalm action, and because Plaintiffs did not make a material misrepresentation in applying for the Policy, and because Lloyd's is barred from denying coverage by failing to timely cancel the policy and return unearned premium, Plaintiffs are entitled to a declaratory judgment in their favor, pursuant to 28 U.S.C. § 2201, declaring that Lloyd's is obligated to cover the Extracontractual claim arising out of the Rosenbalm claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows,

1. For contract benefits due under the Policy,

2. For prejudgment interest,

3. Exemplary Damages,

4. Declaring the Policy provides coverage for Plaintiffs' Extracontractual claim under the Policy arising out of the Rosenbalm claim; an

6. For such other relief as the Court deems just and proper.

Dated:  June 28, 2021

Respectfully Submitted,

/s/  *Amanda Cottrell*

Amanda Cottrell (Texas Bar No. 24064972)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
acottrell@sheppardmullin.com

*Attorneys for Plaintiffs*