UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EP LOYA GROUP, LP, FRED LOYA**
**INSURANCE COMPANY, LOYA**
**CASUALTY INSURANCE COMPANY,**

   *Plaintiffs*,

v.                                                                Case No.  SA-21-CV-00611-JKP

**CERTAIN UNDERWRITERS AT**
**LLOYDS, LONDON,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Certain Underwriters at Lloyds, London (Underwriters) Motion to Dismiss, or alternatively, stay this litigation. *ECF Nos. 12,15*. Plaintiffs (collectively "Loya Plaintiffs) responded. *ECF No. 14*. Upon consideration, the Court concludes Underwriters's Motion to Dismiss shall be DENIED without prejudice. Underwriters alternative Motion to Stay this litigation shall be GRANTED in part in accordance with the Loya Plaintiffs similar request to stay this litigation pending determination of its Motion to Dismiss in a California state court.

## FACTS

### A. Underlying Incident

On February 7, 2017, Gabriel Juarez was involved in a motor vehicle accident with Terrence Rosenbalm in California. At the time of the accident, Juarez was insured under an automobile policy issued in California by Loya Casualty Insurance Company (the "Juarez Policy").

Rosenbalm made a policy-limits demand for damages and injury to Loya Casualty Insurance Company ("Loya Casualty"). Later, on December 4, 2017, Rosenbalm filed a Complaint in Kern County Superior Court in California (the "Rosenbalm Action") seeking, among other things, declaratory relief that Loya Casualty did not accept a valid settlement offer made on June 29, 2017. Rosenbalm prevailed on its motion for summary judgment against Loya Casualty on this issue on July 23, 2019.

In addition, during the pendency of the Rosenbalm Action, Juarez submitted a claim to Loya Casualty for extra-contractual liability based upon its bad faith in handling the Rosenbalm claim.[1] Also during the pendency of the Rosenbalm Action, and after Juarez's notice of his bad faith claim, effective July 20, 2019, Underwriters issued a one-year professional liability policy (the "Underwriters Policy") to Loya Casualty Insurance Company, EP Loya Group, and Fred Loya Insurance Company.

On May 22, 2020, Loya Casualty reported to Underwriters the bad faith claim from Juarez and sought coverage for the policy limit of $1,000,000. Underwriters denied coverage asserting the Juarez bad faith claim arose and was a "known loss" before the Underwriters Policy took effect and Loya Casualty made material misrepresentations in its application for insurance. Loya Casualty disputed the denial of coverage on these grounds. The parties' dispute regarding insurance coverage for the Juarez bad faith claim culminated in litigation.

**B. California Action**

On June 22, 2021, Underwriters filed suit against Loya Casualty in the Superior Court of the State of California (the "California State Action"). In the California State Action, Underwriters seeks declaratory relief to the effect that the Underwriters Policy provides no coverage to

---

[1] The parties do not provide any facts regarding the nature of the "bad faith claim" or whether it proceeded to litigation.

Loya Casualty for the Juarez bad faith claim, and therefore, it has no duty to indemnify Loya Casualty.

In response on July 13, 2021, Loya Casualty filed a Motion to Dismiss based solely on forum non-conveniens. Specifically, Loya Casualty argues it is not convenient to litigate this matter in California because Loya Casualty's principal place of business is in Texas. This Motion to Dismiss is set to be heard by the California state court on January 7, 2022.

**C. Texas Federal Court Action**

A few days after Underwriters filed the California Action against Loya Casualty, it and two other related companies, EP Loya Group LP and Fred Loya Insurance Company[2], filed this suit (the "Texas Federal Action"), seeking declaratory judgment to the effect: because the Underwriters Policy provides coverage to Loya Casualty on the Juarez bad faith claim, and because Loya Casualty did not make a material misrepresentation in applying for the Underwriters Policy, and because Underwriters is barred from denying coverage by failing to timely cancel the Policy and return unearned premium, the Loya Plaintiffs are entitled to a declaratory judgment declaring Underwriters is obligated to indemnify Loya Casualty for the Juarez bad faith claim. In addition, in this Texas Federal Action, the Loya Plaintiffs assert causes of action for breach of contract and bad faith and seek damages for benefits due under the Underwriters's insurance contract and for the asserted tort, attorney fees, and exemplary damages.

## DISCUSSION

Underwriters now files this Motion to Dismiss pursuant to Federal Rule 12(b)(1) and alternatively, Motion to Stay this action pending conclusion of the California State Action to determine its obligation to indemnify Loya Casualty for the Juarez bad faith claim.

---

[2] EP Loya Group is a Texas limited partnership. Loya Casualty is a wholly-owned subsidiary corporation of EP Loya Group. Fred Loya Insurance Group is a corporation organized under the laws of Texas.

The Loya Plaintiffs oppose the Motion to Dismiss and Motion to Stay, instead, asserting this Court should defer ruling on this motion until conclusion of the California state court's hearing and determination of its Motion to Dismiss based on forum non-conveniens.

The parties engage in extensive argument on several issues: (1) whether this Court should abstain its jurisdiction, and (2) whether this is a declaratory-judgment action, only, and thus, the factors to determine the abstention issue as articulated in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) should apply, or (3) whether the Loya Plaintiffs assert nonfrivolous, coercive causes of action, and thus, the factors to determine the abstention issue as articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976) should apply. Nevertheless, all parties agree this Court should stay this action at least until the California state court determines Loya Casualty's Motion to Dismiss before it.

In light of the parties' agreement that this case should be stayed for a time and due to the procedural posture of this matter in relation to the California State Action, the Court concludes determination of the substantive merits of Underwriters' Motion to Dismiss is unnecessary and impracticable at this time. First, should the California state court grant Loya Casualty's Motion to Dismiss based upon forum non-conveniens, then Underwriters's Motion to Dismiss, here, requesting this Court abstain from exercising its jurisdiction becomes moot. Conversely, should the California state court deny Loya Casualty's Motion to Dismiss based upon forum non-conveniens, then the California State Action would proceed. At that time, Underwriters's Motion to Dismiss requesting this Court abstain from exercising its jurisdiction would become practicable, as this Court and the parties would be certain a viable California state action would run concurrently with this action.

With this procedural posture in mind, both parties agree and request this Court stay this action (or defer ruling on the instant Motion to Dismiss) until, at least, the California state court's determination of Loya Casualty's Motion to Dismiss based upon forum non-conveniens. Although Underwriters requests this Court stay this action until conclusion of the California action, this conclusion could occur upon determination of Loya Casualty's Motion to Dismiss. If the California state court denies Loya Casualty's Motion to Dismiss, then the California State Court action will continue, and Underwriters can re-assert its Motion to Dismiss or Motion to Stay in this Court.

Accordingly, rather than engage in a potentially premature analysis whether this Court should abstain its jurisdiction, this Court will accommodate the parties' mutual request and stay this matter until the California state court determines Loya Casualty's Motion to Dismiss based upon forum non-conveniens.

## **CONCLUSION**

Based upon the foregoing reasons and the parties' mutual request, this cause is STAYED until the California state court determines Loya Casualty's Motion to Dismiss based upon forum non-conveniens.

When a case such as this is subject to an indefinite stay, it is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc*., 389 F.3d 163, 167 (5th Cir. 2004); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006). The act of administrative closure is not a dismissal or disposition of the case, nor any reflection or comment on the substantive merits. When further proceedings become necessary after completion of the California State Action or determination of Loya Casualty's Motion to Dismiss, any party may initiate such

further proceedings by moving to reopen the case. The Court may initiate further proceedings as warranted. *See Mire*, 389 F.3d at 167.

Because the Court finds the mutually requested stay is warranted, the Court DIRECTS the Clerk of Court to administratively close this case pending further court order.

The Court ORDERS the parties to file a joint status report every ninety (90) days from the date of this Order indicating the status of the hearing in the California State Action on Loya Casualty's Motion to Dismiss in relation to its effect on this case.

IT IS FURTHER ORDERED the parties must advise this Court of any resolution of the California State Action or determination of Loya Casualty's Motion to Dismiss within fourteen (14) days of such resolution.

It is so ORDERED.
SIGNED this 26th day of August, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE