UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LOYA CASUALTY INSURANCE COMPANY,**

   *Plaintiffs*,

v.                                      Case No.  SA-21-CV-00611-JKP

**CERTAIN UNDERWRITERS AT LLOYDS, LONDON,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Loya Casualty Insuarance's (Loya Casualty) Motion to Dismiss Counterclaim and the responsive pleadings. *ECF Nos. 26,27,28*. Upon consideration, the Court concludes the Motion to Dismiss is DENIED.

## UNDISPUTED FACTS

**A.  Underlying Incident**

On February 7, 2017, Gabriel Juarez was involved in a motor vehicle accident with Terrence Rosenbalm in California. At the time of the accident Juarez was insured under an automobile policy issued in California by Loya Casualty Insurance Company (the "Juarez Policy"). Rosenbalm made a policy-limits demand for bodily-injury damages to Loya Casualty Insurance Company ("Loya Casualty"). Later, on December 4, 2017, Rosenbalm filed suit in Kern County Superior Court in California (the "Rosenbalm Action") seeking, among other things, declaratory relief that Loya Casualty did not accept a valid settlement offer made on June 29, 2017. Rosen-

balm prevailed on its motion for summary judgment against Loya Casualty on this issue on July 23, 2019. In the summary judgment, the Court held Loya Casualty did not accept the policy-limits demand as a matter of law. The case was dismissed upon settlement of all issues.

Loya Casualty admits in its Motion to Dismiss that during the pendency of the Rosenbalm Action, it became aware that Rosenbalm intended to submit a claim for extra-contractual liability based upon Loya Casualty's bad faith in handling the underlying bodily-injury claim.[1] Loya Casualty admits: "[n]o later than October 18, 2018, Loya Casualty was first made aware of the Rosenbalm Extra-Contractual Matter." *ECF No. 25, p. 10*. Also during the pendency of the Rosenbalm Action, on July 18, 2019, Loya Casualty applied for professional liability insurance with Underwriters. Loya Casualty did not disclose the Rosenbalm bad faith claim on the insurance application in July 2019. Loya Casualty answered "No" in response to a question asking whether it had "knowledge or information of any act, error, omission, fact, or circumstance which may give rise to a claim which may fall within the scope of the proposed insurance."

Effective July 20, 2019, Underwriters issued a one-year professional liability policy (the "Underwriters Policy") to Loya Casualty, EP Loya Group, and Fred Loya Insurance Company. This policy covers extra-contractual claims, that is, any claim brought against Loya Casualty or a Loya Casualty insured person, that seeks an amount beyond the limit of the underlying insurance policy issued by Loya Casualty.

Later, on May 22, 2020, Loya Casualty reported to Underwriters the extracontractual Rosenbalm bad faith claim and sought coverage for the policy limit of $1,000,000. Underwriters denied coverage asserting the Rosenbalm bad faith claim arose, and was a "known loss," before the Underwriters Policy took effect. Therefore, Loya Casualty made a material misrepresentation

---

[1] The parties do not provide any facts regarding the timing or nature of the Rosenbalm bad faith claim or whether it proceeded to litigation.

in its application for insurance. Loya Casualty disputed the denial of coverage on these grounds. The parties' dispute regarding insurance coverage for the Juarez bad faith claim culminated in litigation in California.

**B. California Action**

On June 22, 2021, Underwriters filed suit against Loya Casualty in the Superior Court of the State of California (the "California State Action"). In the California State Action, Underwriters sought declaratory relief to the effect that the Underwriters Policy provides no coverage to Loya Casualty for the Juarez bad faith claim, and therefore, it has no duty to indemnify Loya Casualty.

In response on July 13, 2021, Loya Casualty filed a Motion to Dismiss based solely on forum non-conveniens. Specifically, Loya Casualty argued it was not convenient to litigate this matter in California because Loya Casualty's principal place of business is in Texas. This Motion to Dismiss based upon forum non-conveniens was denied. The California State Action settled and was dismissed.

**C. Texas Federal Court Action**

A few days after Underwriters filed the California Action, Loya Casualty and two other related companies, EP Loya Group LP and Fred Loya Insurance Company[2], filed this suit (the "Texas Federal Action"), seeking similar declaratory judgment: because the Underwriters Policy provides coverage to Loya Casualty on the Juarez bad faith claim, and because Loya Casualty did not make a material misrepresentation in applying for the Underwriters Policy, and because Underwriters is barred from denying coverage by failing to timely cancel the Policy and return unearned premium, Loya Casualty is entitled to a declaratory judgment declaring Underwriters is

---

[2] EP Loya Group is a Texas limited partnership. Loya Casualty is a wholly-owned subsidiary corporation of EP Loya Group. Fred Loya Insurance Group is a corporation organized under the laws of Texas.

obligated to indemnify Loya Casualty for the Juarez bad faith claim. In addition, in this Texas Federal Action, Loya Casualty asserts causes of action for breach of contract and bad faith and seeks damages for benefits due under the Underwriters insurance contract as well as attorney fees, and exemplary damages.

Underwriters filed an Answer and asserted affirmative defenses. As affirmative defenses, Underwriters asserts coverage is barred by: (1) bad faith conduct; (2) by the express terms of the contract; (3) known loss doctrine; (4) material misrepresentation; (5) no covered loss; (6) Loya Casualty's failure to mitigate loss; (7) uninsurability of loss, and; (8) Loya Casualty's failure to meet all conditions precedent. Underwriters also asserted counterclaims for declaratory relief. First, Underwriters seeks declaration that coverage is barred by the terms of the Underwriters Policy and by the known loss doctrine. Alternatively, Underwriters seeks declaration that Loya Casualty's failure to disclose the Juarez bad faith claim in its application constitutes a material misrepresentation, allowing Underwriters to cancel or rescind the Policy.

Loya Casualty filed this "Motion to Dismiss Counterclaim". In this Motion to Dismiss, Loya Casualty does not identify the procedural mechanism under which it seeks dismissal. In this omission, Loya Casualty fails to identify or present argument regarding the legal standard under which the Court should analyze this Motion. The Court must presume Loya Casualty seeks to dismiss pursuant to Federal Rule 12(b)(6). Based upon the arguments, the Court must also presume Loya Casualty seeks *partial* dismissal of the asserted counterclaims, as this Motion pertains only to the asserted affirmative defense and counterclaim for misrepresentation and the known risk doctrine.

**LEGAL STANDARD**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the

"court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

## DISCUSSION

Loya Casualty contends the misrepresentation counterclaim should be dismissed because Underwriters failed to provide Loya Casualty with the requisite 90-day notice that it was denying coverage based on Loya Casualty's alleged misrepresentation in its application. Loya Casualty contends Underwriters must allege it complied with this statutory notice, and because it did not, this counterclaim must fail as a matter of law. Second, Loya Casualty contends Underwriters failed to allege two elements of the misrepresentation defense to coverage. Third, even if Loya Casualty did commit a misrepresentation in the application, the Policy requires Underwriters cancel the Policy and refund the premiums paid. Because Underwriters did not allege it did this, it waived its right to deny coverage on that basis. Finally, Loya Casualty contends the known loss doctrine does not apply in this case because Underwriters failed to allege a "'loss' had occurred at the time [Loya Casualty] completed its insurance application, or that [Loya Casualty] had the requisite knowledge of that purported loss."

The true focus of Loya Casualty's arguments presented in this Motion to Dismiss is whether Underwriters will ultimately prevail on the merits of the misrepresentation or known loss counterclaims. Loya Casualty attempts to couch these arguments pertaining to the substantive merits of the counterclaims as a failure to allege; however, the substantive arguments presented by Loya Casualty are better suited for a Motion for Summary Judgment. At this stage of the litigation, this Court will not engage in analysis of the substantive merits of an asserted counterclaim, a choice of laws, determination of any questions of fact, or a party's argument in support of its position. In this Motion to Dismiss, this Court will only review Underwriter's Answer

and asserted affirmative defenses and counterclaims therein. This pleading will determine whether Underwriters alleged enough facts to state a plausible counterclaim. *See Twombly*, 550 U.S. at 570. *Ashcroft v. Iqbal*, 556 U.S. at 678.

Review of Underwriters' Answer in the light most favorable to Underwriters reveals it plead sufficient facts to state a plausible counterclaim for misrepresentation and known loss doctrine. The issues whether Underwriters satisfied the statutory or policy requirements or whether Texas or New York law applies shall be answered following discovery and presentation of evidence. In any event, the Court will provide Underwriters the opportunity to amend its Answer and affirmative defenses and counterclaims. No other opportunity will be allowed.

Consequently, Loya Casualty's Motion to Dismiss is without merit. *See* Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d at 970.

## CONCLUSION

For the reasons stated, Loya Casualty's Motion to Dismiss Counterclaim is DENIED.


It is so ORDERED.
SIGNED this 28th day of June, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE